ACCEPTED
14-14-00629-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/23/2015 1:43:50 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-14-00629-CV

### IN THE FOURTEENTH COURT OF APPEALS FOR HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/23/2015 1:43:50 PM
CHRISTOPHER A. PRINE
Clerk

### THE VILLAGE OF TIKI ISLAND, TEXAS,

### APPELLANT,

### V.

### PREMIER TIERRA HOLDINGS, INC.

### APPELLEE.

---

### APPELLEE'S MOTION FOR REHEARING
### OF THIS COURT'S MARCH 24, 2015 OPINION

---

On Appeal from the 212th District Court Galveston County, Texas
(Cause No. 14-CV-0410)

Respectfully submitted,

H. Fred Cook
State Bar No. 04732500
WILSON CRIBBS & GOREN, P.C.
2500 Fannin
Houston, Texas 77002
Phone (713) 222-9000
Fax (713) 229-8824

ATTORNEYS FOR APPELLEE

## POINTS RELIED UPON FOR REHEARING

1.    There is a ripe conflict between the parties whether the essential dry stack boat storage use in Appellee's vested project is permitted despite Appellant's subsequently adopted zoning ordinance which specifically prohibits dry stack boat storage use.

2.    Consideration of Appellee's vested rights is further justified by the futility of further efforts to procure the necessary development approvals or a decision on Appellee's vested rights by Appellant.

## SUMMARY

This is not a plat case and it is not about future permits. This case is predicated on one essential question, whether Appellant's new zoning ordinance which specifically prohibits dry stack boat storage can be applied to Appellee's conflicting vested project and plans which specifically identify dry stack boat storage as a use.  Appellee needs a judicial declaration of its rights to proceed to develop a dry boat storage building as part of its vested project for a mixed use marina, which limits the application of Appellant's admittedly conflicting new zoning ordinance to those vested rights.

## ARGUMENT

## I. Appellee's project is vested and the dry boat storage use conflicts with prohibitions of that use in Appellant's subsequent zoning ordinance.

Appellant's focus on the plat and its denial is misplaced. The sole relevance of the plat is that when the plat application was filed, Appellee's rights in the project vested. It was the initial *application* for a permit in a series of permits (which will be pursued to develop the project) and it adequately described the project. (emphasis added) The vesting occurs whether or not the submitted *application* is approved or disapproved. (emphasis added) Section 245.002 of the Tex. Loc. Gov't Code specifically states:

> (a) Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect **at the time**:
> (1) ...
> (2) a ... **plat *application* is filed** with a regulatory agency.

Tex. Loc. Gov't Code Ann. § 245.002 (West) (emphasis added). Thus, all future approvals of the project, including certain zoning approvals (eg. property classification and building size), shall be considered without respect to rules or ordinances adopted after the vesting date (date of the plat *application*). However, Appellant is blocking the project by forcing it through a PUD application process

under a zoning ordinance that on its face prohibits dry stack boat storage use, a primary vested use aspect of the project. Appellant has no obligation to seek zoning approval for its dry stack boat storage use and building since this project is vested.

As this Court pointed out on page 9 of its March 24, 2015 Opinion (the "Opinion"), Appellant does not dispute Appellee's assertion that the 2010 plat application triggered the application of Chapter 245 to the project described therein. *See* Opinion, p. 9. Further, this Court noted that the parties agree that most, if not all, of the contested zoning regulations at issue are not exempt from Chapter 245's operation. *Id.* Appellee merely seeks to exercise its statutory right for the court to compare the project, as described in the plat notes, to the City's later adopted zoning ordinance and declare that dry stack boat storage is permitted as a vested right (property classification) and a dry stack boat storage building is entitled to vested rights as to "building size", as it is authorized to do by Chapter 245 and by Chapter 37 of the Texas Civil Practice and Remedies Code (the "UDJA").

The conflicts between the vested project, as described in the plat notes, and Appellant's later zoning ordinance could not be more clear. For example, the

Petition alleges[1] that the project calls for, *inter alia*, 150 residential units and 400 dry stack boat slips. C.R. p. 19, ¶ 16. Appellant's zoning ordinance, on the other hand, <u>prohibits</u> dry stack boat storage and apartment property classifications. *Id.* at ¶17. Appellee deserves a declaratory judgment as to the extent of its vested rights in light of Appellant's later adopted zoning ordinance which expressly prohibits dry stack boat storage in which Appellee is already vested.

## II. Appellee's pursuance of further permits or approvals is futile.

Appellee's pursuit of yet another plat or permit would be futile. In fact, counsel for the City stated in oral argument before this Court on January 28, 2015, that the City would never approve a permit for this project because of the project's scope and its commercial use.[2] Both "scope" (building size) and "commercial use" (property classification) are provisions of the zoning ordinance enacted to prevent

---

[1] When a plea to the jurisdiction challenges the jurisdictional **facts**, the court will review evidence submitted by the parties to resolve jurisdictional issues, taking as true all evidence favorable to the plaintiff, and resolving any doubts and indulging every reasonable inference in the plaintiff's favor. *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d 234, 241-42 (Tex. App.—San Antonio 2012, pet. denied) (internal citations omitted).

[2] *See* video of January 28, 2015 oral argument at 1:22:29 ("I think the City's position will always be that this particular project and its scope [is] not consistent as its allowed to do under the subdivision ordinance with the general plan of the city, putting this huge thing on a two-lane road..."; *see also* 1:23:00 ("I don't think, short of firing our last shot in the war, that the city is ever going to voluntarily say that you can build this huge thing in a situation where you will put the community in danger."; see also 1:22:56 (counsel for City arguing that this "very substantial commercial development" being located on a two lane street would cause access problems for the residential community). Inasmuch as these statements were made in open court and are contained in the Court's video of oral argument, Appellee asks that the Court take judicial notice of the statements in oral argument of January 28, 2015. *See*, Rule 202 of the Texas Rules of Evidence.

this project, which are NOT exempt from vesting under Chapter 245. Section 245.004(2).

Appellee should not be required to seek further permits to create a justiciable controversy.[3] One already exists. If nothing else, Appellee should be given the opportunity to present facts to the trial court that filing for additional permits or approvals is futile.

The Opinion states, "[Appellee] may have vested rights in the project, but there is no context within which to declare what they are." *See* Opinion, p. 14. However, the context is the plat application and the zoning ordinances themselves, without more. All of the necessary information to declare whether rights vested under Chapter 245 and the nature of those rights is uncontested by the parties and known to the Court. That information includes (i) the date of filing of the plat, (ii) the description of the project, (iii) the date of the adoption of the zoning ordinance (which was subsequent to the plat filing), and (iv) that certain provisions of the zoning ordinance are not exempt from Chapter 245.

Appellee seeks a declaratory judgment that it is vested as to property classification (i.e. permitted use) and building size so that it may proceed with the project which includes dry stack boat storage use in a building with 400 dry boat slips.

---

[3] *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 929 (Tex. 1998) ("...futile variance requests and re-applications are not required.") (internal citations omitted).

By forcing Appellee to apply for a PUD under a zoning ordinance which (1) did not exist when Appellee's rights vested and (2) on its face prohibits dry stack boat storage contained in Appellee's vested project, Appellant confirms a justiciable conflict as to Appellee's position on vesting and Appellant continues to block the dry stack boat storage use (property classification) and the size of the dry stack boat storage building. The basis for these prohibitions did not exist at the time Appellee's rights vested.[4] A court must resolve these issues before Appellee may proceed with its vested project. Otherwise, Appellee will be stuck seeking zoning approval from Appellant under provisions of a post-vesting ordinance that Appellant does not have the right to apply.

## CONCLUSION AND PRAYER

This case involves a fully ripe, justiciable controversy which requires this court or the court below to declare the existence and nature of Appellee's vested rights, especially in light of Appellant's clear efforts to defeat those rights through procedural obfuscation. This case should be remanded to the trial court for consideration of the project as described in the plat note compared to the City Zoning Ordinance. As was apparent from the statements in the oral hearing, the parties need the guidance of the courts to determine the extent of Appellant's vesting under the plat application and plat notes in order to proceed forward.

---

[4] No zoning ordinance existed on the date the plat application was filed.

Appellee respectfully asks this Court to (i) grant rehearing, withdraw its March 24, 2015 Opinion, deny Appellant's requested relief and Plea to the Jurisdiction and remand this case to the trial court for further proceedings and (ii) grant Appellee such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**WILSON, CRIBBS & GOREN, P.C.**

By: _____

H. Fred Cook
TBN: 04732500
2500 Fannin Street
Houston, Texas 77002
Telephone: (713) 222-9000
Facsimile: (713) 229-8824
hfcook@wcglaw.net
**ATTORNEYS FOR APPELLEE**
**PREMIER TIERRA HOLDINGS,**
**INC.**

## CERTIFICATE OF SERVICE

I certify that pursuant to the Texas Rules of Appellate Procedure, a true and correct copy of Appellant's Motion to Extend Deadlines was forwarded via electronic filing/fax to the following on April 23, 2015:

**Attorneys for Appellant**
John J. Hightower
SBN# 09614200
jhightower@olsonllp.com
Scott Bounds
SBN# 02706000
sbounds@olsonllp.com
Olson & Olson, LLP
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Tel: 713-533-3800
Fax: 713-533-3888

H. Fred Cook